IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Larry D. Outler, | ) | C/A No.: 1:15-2412-BHH-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| Shannon Davis, Correction Officer, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Plaintiff, proceeding pro se and in forma pauperis, brought this action alleging violations of his constitutional rights pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 397 (1971).[1] Defendant filed a motion to dismiss, or in the alternative, for summary judgment on December 8, 2015. [ECF No. 33]. As Plaintiff is proceeding pro se, the court entered an order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), on December 9, 2015, advising him of the importance of the motion and of the need for him to file an adequate response. [ECF No. 34]. Plaintiff was specifically advised that if he failed to respond adequately, Defendant's motion may be granted. *Id*. On January 20, 2016, the undersigned extended Plaintiff's deadline, granting him until February 12, 2016, to respond to Defendant's motion. [ECF No. 38].

Notwithstanding the specific warning and instructions set forth in the court's

---

[1] *Bivens* is the case establishing, as a general proposition, that victims of a constitutional violation perpetuated by a federal actor may sue the offender for damages in federal court despite the absence of explicit statutory authorization for such suits." *Carlson v. Green*, 446 U.S. 14, 18 (1980); *see also Holly v. Scott*, 434 F.3d 287, 289 (4th Cir. 2006).

2

*Roseboro* order, Plaintiff failed to properly respond to the motion. As such, it appears to the court that he does not oppose the motion and wishes to abandon this action. Based on the foregoing, Plaintiff is directed to advise the court whether he wishes to continue with this case and to file a response to Defendant's motion to dismiss/for summary judgment by March 2, 2016. Plaintiff is further advised that if he fails to respond, this action will be recommended for dismissal with prejudice for failure to prosecute. *See Davis v. Williams*, 588 F.2d 69, 70 (4th Cir. 1978); Fed. R. Civ. P. 41(b).

    IT IS SO ORDERED.

*[Signature: Shiva V. Hodges]*

February 17, 2016  
Columbia, South Carolina

Shiva V. Hodges  
United States Magistrate Judge