IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Larry D. Outler, | ) | C/A No.: 1:15-2412-BHH-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| Shannon Davis, Correctional Officer, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter comes before the court on the motion of Larry D. Outler ("Plaintiff") to amend his complaint. [ECF No. 42]. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(d) (D.S.C.), all pretrial proceedings have been assigned to the undersigned.

Plaintiff seeks to amend his complaint to convert his case from a *Bivens* action into an action brought pursuant to 42 U.S.C. § 1983. [ECF No. 42 at 1–2]. He also seeks to add the warden and the bureau of prisons as defendants, "as they are directly responsible for the day to day operations and serve as the authority over all correctional officers." *Id*. at 2. "[L]eave [to amend] shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). "A motion to amend should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." *HCMF Corp. v. Allen*, 238 F.3d 273, 276 (4th Cir. 2001) (internal quotation marks omitted).

Plaintiff's motion to amend would be futile. Plaintiff cannot bring his claim pursuant to § 1983 because he does not allege defendant Shannon Davis acted pursuant to

state law. *Bivens* is the case establishing, as a general proposition, that victims of a constitutional violation perpetuated by a federal actor may sue the offender for damages in federal court despite the absence of explicit statutory authorization for such suits." *Carlson v. Green*, 446 U.S. 14, 18 (1980); *see also Holly v. Scott*, 434 F.3d 287, 289 (4th Cir. 2006). Therefore, Plaintiff was correct to bring his claim pursuant to *Bivens* instead of § 1983.

Plaintiff's proposed amendment would also be futile to the extent that he seeks to sue the warden and the bureau of prisons based on supervisory liability. "Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). As the *Iqbal* Court observed, because masters do not answer for the torts of their servants in *Bivens* and § 1983 cases, "the term 'supervisory liability' is a misnomer." *Id*. at 677. Indeed, the dissent in *Iqbal* opined that "[l]est there be any mistake, in these words the majority is not narrowing the scope of supervisory liability; it is eliminating *Bivens* supervisory liability entirely." *Id*. at 693 (Souter, J., dissenting).

For the foregoing reasons, the undersigned denies Plaintiff's motion to amend his complaint.

IT IS SO ORDERED.

February 17, 2016
Columbia, South Carolina

Shiva V. Hodges
United States Magistrate Judge

2