IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Larry D. Outler, ) | C/A No.: 1:15-2412-BHH-SVH |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | REPORT AND RECOMMENDATION |
| ) | |
| Shannon Davis, Correction Officer, ) | |
| ) | |
| Defendant. ) | |
| ) | |

Plaintiff, proceeding pro se and in forma pauperis, brought this action alleging violations of his constitutional rights pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 397 (1971).[1] Defendant filed a motion to dismiss, or in the alternative, for summary judgment on December 8, 2015. [ECF No. 33]. As Plaintiff is proceeding pro se, the court entered an order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), on December 9, 2015, advising him of the importance of the motion and of the need for him to file an adequate response BY January 14, 2016. [ECF No. 34]. Plaintiff was specifically advised that if he failed to respond adequately, Defendant's motion may be granted. *Id*. On January 20, 2016, the undersigned extended Plaintiff's deadline, granting him until February 12, 2016, to respond to Defendant's motion. [ECF No. 38]. Notwithstanding the specific warning and instructions set forth in the court's *Roseboro* order, Plaintiff failed to properly respond to

---

[1] *Bivens* is the case establishing, as a general proposition, that victims of a constitutional violation perpetuated by a federal actor may sue the offender for damages in federal court despite the absence of explicit statutory authorization for such suits." *Carlson v. Green*, 446 U.S. 14, 18 (1980); *see also Holly v. Scott*, 434 F.3d 287, 289 (4th Cir. 2006).

the motion.

On February 17, 2016, the court ordered Plaintiff to advise whether he wished to continue with the case by March 2, 2016. [ECF No. 40].[2] Plaintiff has filed no response. As such, it appears to the court that he does not oppose the motion and wishes to abandon this action. Based on the foregoing, the undersigned recommends this action be dismissed with prejudice for failure to prosecute. *See Davis v. Williams*, 588 F.2d 69, 70 (4th Cir. 1978); Fed. R. Civ. P. 41(b).

IT IS SO RECOMMENDED.

*/s/ Shiva V. Hodges*

March 23, 2016                                                                 Shiva V. Hodges
Columbia, South Carolina                                                United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**

---

[2] Also on February 17, 2016, the undersigned denied Plaintiff's motion to amend his complaint [ECF No. 42], which was filed on February 16, 2016 and docketed by the Clerk's office on February 17, 2016.

2

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).